

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

December 9, 2009

*CR: 09-366 (ESH)*

Paul W. Butler, Esq.
Akin, Gump, Strauss, Hauer & Feld, LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564

FILED

FEB 05 2010

Clerk, U.S. District and
Bankruptcy Courts

Re: <u>Final Plea Offer</u>

Dear Mr. Butler:

    This letter sets forth the full and complete plea offer to your client, Balli Aviation Ltd, from the Criminal Division of the Office of the United States Attorney for the District of Columbia and the National Security Division of the Department of Justice (hereinafter also referred to collectively as "the Government"). **It expires at 5:00 p.m. on December 11, 2009.** If your client accepts the terms and conditions of this offer, both an authorized representative of your client and you should execute this document in the spaces provided below and return the original document to us. Please include a notarized copy of the resolution of the Board of Directors for your client which states that your client has authorized this Plea Agreement and has empowered you as its outside counsel to act on its behalf for purposes of this plea. Upon our receipt of the executed document (along with the aforementioned board resolution), this letter will become the Plea Agreement. The signed Plea Agreement **must be filed** with the United States District Court for the District of Columbia **on or before December 31, 2009,** or the entire Plea Agreement will become null and void. The terms of the offer are as follows:

    1.    **Charges and Statutory Penalties**

    Your client agrees to waive indictment and plead guilty to a two-count criminal Information, which will be filed in the United States District Court for the District of Columbia. A copy of the Information is attached. The Information charges your client with, in Count One, conspiring to violate the Iranian Transactions Regulations, Title 31, Code of Federal Regulations, Part 560, and in Count Two, violating, the International Emergency Economic Powers Act ("IEEPA"), Title 50, United States Code, Section 1705, and the Export Administration Regulations ("EAR"), Title 15, Code of Federal Regulations, Part 764.2(a), (b), and (k).

Your client, as a corporate violator, understands that for each of these charges, pursuant to Title 18, United States Code, Section 3571(c)(3), the maximum penalty could be a criminal fine of $1,000,000. Your client is also subject to a term of corporate probation of five years pursuant to Title 18, United States Code, Section 3561. In addition, pursuant to Title 18, United States Code, Section 3013(a)(2)(B), your client agrees to pay the mandatory special assessment of $400 to the Clerk of the United States District Court prior to the date of the sentencing.

### 2. **Factual Stipulations**

Your client agrees that the attached "Factual Proffer in Support of Guilty Plea" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that, before or during the plea hearing, your client, through its designated representative, will adopt and sign the Factual Proffer as a written proffer of evidence.

### 3. **Sentencing Guidelines Stipulations**

The parties agree that your client's sentence is not governed by the United States Sentencing Guidelines (hereinafter "Guidelines" or "U.S.S.G."). Although the offense conduct to which your client is pleading guilty is covered by U.S.S.G. § 2M5.1(a), that Guideline is not listed under § 8C2.10, which governs fines for organizations. Accordingly, pursuant to U.S.S.G. § 8C2.10, the sentence is to be determined by applying Title 18, United States Code, Sections 3553 and 3572.

### 4. **Additional Charges**

In consideration and as an express condition of this corporate plea agreement, no additional criminal charges shall be filed against Balli Aviation, its subsidiaries, affiliates, or successors-in interest by the United States Attorney's Office for the District of Columbia or the National Security Division of the Department of Justice with regard to any conduct described in the accompanying written factual proffer. This Agreement solely concerns the parties and no other individuals, companies, or agencies. This Agreement provides no immunity or protection, in any manner, for individuals from any future criminal investigation or prosecution.

### 5. **Plea Pursuant to Rule 11(c)(1)(C)**

Your client and the government agree that a criminal fine of $2,000,000 ($1,000,000 for each count) and corporate probation of five years is the appropriate sentence for the charges to which your client is pleading guilty. The parties agree that $2,000,000 is the appropriate criminal fine in resolution of this matter, taking into account the inapplicability of the Guidelines, the nature and circumstances of the offense, and the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further

crimes. 18 U.S.C. § 3553(a)(1). The criminal fine shall be paid by cashier's check or certified check made payable to: "Clerk, United States District Court for the District of Columbia."

Your client agrees that no portion of the $2,000,000 that your client has agreed to pay under the terms of this agreement is deductible on any Federal, State, or foreign tax or information return.

In addition to any other conditions of probation that the United States Probation Office may propose and/or the Court may impose, your client and the Government further agree that the following conditions of corporate probation are appropriate in this case and your client agrees to abide by them: (1) your client shall pay the sum set forth in this Plea Agreement; (2) your client shall implement and maintain an effective compliance and ethics program that fully comports with the criteria set forth in Section 8B2.1 of the Guidelines, including, but not limited to, (a) maintaining a permanent compliance and ethics office and a permanent educational and training program relating to United States laws and regulations governing exports, such as IEEPA, the EAR and the Iranian Transactions Regulations, (b) ensuring that a specific individual remains assigned with overall responsibility for the compliance and ethics program, and (c) ensuring that that specific individual reports directly to the Chief Executive Officer and to the Board of Directors of Balli Aviation Ltd no less frequently than on an annual basis on the effectiveness of the compliance and ethics program; and (3) pursuant to Title 18, United States Code, Section 3563(a)(l), your client shall not commit any federal, state, or local crimes during the term of probation.

The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this Plea Agreement between the parties to the Court for its approval. If the Court accepts the Plea Agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this Plea Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the Plea Agreement and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this Plea Agreement. Your client further understands that if the Court rejects the Plea Agreement, the Government also has the right to withdraw from the Plea Agreement and to be freed from all obligations under the Plea Agreement, and may, in its sole discretion, bring different or additional charges against your client.

3

### 6. **Reservation of Allocution**

Your client understands that the Government reserves its full right of allocution for purposes of sentencing in the event the Court rejects the Plea Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure or your client withdraws its guilty plea. In such an event, the Government reserves its right to recommend a fine up to the maximum fine allowable by law. The Government reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charges to which your client is pleading guilty. Both parties reserve the right to inform the pre-sentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the pre-sentence report, and to contest any matters not provided for in this Plea Agreement.

### 7. **Waiver of Rights**

Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to be indicted by a grand jury, the right to plead not guilty and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to be protected from compelled self-incrimination, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. Your client understands that, by pleading guilty, your client is waiving each of these rights.

### 8. **Breach of Agreement**

Your client understands and agrees that, if your client fails specifically to perform or to fulfill each and every one of your client's obligations under this Plea Agreement, or commits any further crimes, your client will have breached this Plea Agreement. In the event of such a breach, (a) the Government will be free from its obligations under the agreement; (b) your client will not have the right to withdraw its guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes that your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information, and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules. As a result of this waiver, your clients understand and agree that any statements that are made in the course of your client's guilty plea or in connection with your client's cooperation pursuant to this Plea Agreement will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this Plea Agreement or your client's guilty plea is subsequently withdrawn.

Moreover, in the event that your client's guilty plea is withdrawn, your client agrees that the Government will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefings conducted in this case, regardless of whether those debriefings were previously covered by an earlier agreement by the parties.

If your client breaches this Plea Agreement, any prosecution of your client not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against your client in accordance with this paragraph, notwithstanding the running of the statute of limitations before the commencement of such prosecutions. Your client knowingly and voluntarily agrees to waive any and all defenses based on any statute of limitations for any prosecution commenced pursuant to the provisions of this paragraph.

Your client understands and agrees that the Government shall be required to prove a breach of this Plea Agreement only by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by preponderance of the evidence in order to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that the Government reserves the right to prosecute it for any such offenses. Your client further understands that any perjury, false statements, or declarations, or obstruction of justice relating to your client's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, your client will not be allowed to withdraw its guilty plea.

### 9. Appeal Waiver

It is agreed that (a) your client will not file an appeal of any sentence imposed pursuant to this Plea Agreement, including but not limited to, the imposition of the criminal fine agreed upon by the parties as set forth above, and (b) the Government will not appeal any sentence imposed

pursuant to this Plea Agreement.

### 10. Prosecution by other Agencies or Jurisdictions

This Plea Agreement binds only the United States Attorney's Office for the District of Columbia and the National Security Division of the United States Department of Justice. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. The United States Attorney's Office for the District of Columbia and the National Security Division of the United States Department of Justice agree to contact any prosecuting jurisdiction and advise that jurisdiction of the terms of this Plea Agreement and the cooperation, if any, provided by your client.

There is a separate agreement between your client and the Department of Commerce regarding disposition of certain civil claims against your client, which is attached. Your client has separately agreed with the Department of Commerce to settle its civil liability with, among other conditions, a fine which is set forth in that attached agreement.

### 11. No other Agreements

No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed Plea Agreement to us. The original of this Plea Agreement will be filed with the Court.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Plea Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you.

Very truly yours,

*Channing D. Phillips /by SM*
CHANNING D. PHILLIPS
Acting United States Attorney

ANTHONY ASUNCION
Assistant United States Attorney
National Security Section
(202) 514-6950
Anthony.Asuncion@usdoj.gov

JONATHAN C. POLING
Trial Attorney
Counterespionage Section
U.S. Department of Justice
(202) 305-0179
Jonathan.Poling@usdoj.gov

## DEFENDANT'S ACCEPTANCE

I am authorized to act on behalf of Balli Aviation Ltd in this matter.

I have read this Plea Agreement and have discussed it with the corporation's attorney, Paul W. Butler, Esquire. I am fully satisfied with the legal services provided by Mr. Butler. I understand this Plea Agreement and voluntarily agree to it. No threats have been made to me or Balli Aviation Ltd, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. No promises, agreements, understandings, or conditions have been made or entered into except those set forth in this Plea Agreement.

Date: 12/14/09

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 12/16/09

PAUL W. BUTLER, ESQ.
Attorney for Defendant Balli Aviation Ltd