UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL NO.: 09-366 (ESH) |
| v. | : | |
| | : | |
| BALLI AVIATION LTD, | : | Sentencing: April 20, 2010 |
| | : | |
| Defendant. | : | |

GOVERNMENT'S SENTENCING MEMORANDUM

**I.     INTRODUCTION**

Defendant Balli Aviation LTD ("Balli Aviation" or "Company") pled guilty to national security offenses, offenses, in particular, that involved export violations relating to a state sponsor of terror, Iran.  In February 5, 2010, Balli Aviation entered into a written plea agreement with the United States of America.  Defendant Balli Aviation agreed to plead guilty to a two-count criminal Information that charged the Company with willfully conspiring to export three Boeing 747 aircraft from the United States to Iran in contravention of the embargo imposed by the United States, in violation of the International Emergency Economic Powers Act ("IEEPA") and the Iranian Transactions Regulations ("ITR").  Count Two of the Information states that on March 17, 2008, Balli Aviation willfully violated the Temporary Denial Order issued by the Bureau of Industry and Security ("BIS"), in violation of Title 50, U.S.C. Section 1705.

As a basis for its guilty plea, defendant Balli Aviation admitted as true the facts set forth in the Factual Proffer submitted in support of the guilty plea.  Defendant's crimes are serious and warrant an appropriately severe sentence.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and defendant Balli Aviation agreed that, with the Court's approval, the Company should be sentenced to a criminal fine of $2 million and corporate probation of five years.

At a hearing on February 5, 2010, the United States and defendant Balli Aviation presented the plea agreement to Magistrate Judge Alan Kay for approval.  Through its attorney, Paul W. Butler, Esq., and corporate representative, Farshad Irvanipour, defendant Balli Aviation admitted its guilt and pled guilty.  In a Report and Recommendation filed on March 12, 2010, Magistrate Judge Kay recommended that this Court accept Defendant Balli Aviation's plea of guilty.  By Order dated March 26, 2010, this Court adopted the recommendation of the magistrate judge and accepted defendant's guilty plea.  Consistent with the Rule 11(c)(1)(C) plea agreement, the United States now respectfully requests that the Court sentence defendant Balli Aviation to a criminal fine of $2 million and corporate probation of five years.

## II.     THE OFFENSE CONDUCT

The offense conduct is spelled out in detail in the Factual Proffer in Support of Guilty Plea.  In summary, the conduct consists of the following:

### A.     Unlawful Export of Boeing Aircraft to Iran

Despite knowledge of the prohibitions of the ITR, Balli Aviation decided it would be profitable to enter into a transaction that would result in Iranian Airline A obtaining access to civilian carrying capacity deriving from certain Boeing aircraft, which defendant Balli Aviation understood to be located within the United States.  Knowing that these Boeing aircraft, once acquired from the United States, were to be used by Iranian Airline A to fly routes in and out of Iran, and with knowledge of United States regulations and laws relating to the U.S. embargo against Iran, defendant Balli Aviation, through its subsidiaries, pursuant to contracts signed with Iranian Airline A and other parties, purchased three Boeing aircraft.  Defendant Balli Aviation acted with the understanding that

its actions were necessary, as otherwise Iranian Airline A could not have acquired access to capacity provided by these Boeing aircraft.

In or about October 2006, defendant Balli Aviation entered into separate lease agreements for these Boeing aircraft. As early as in or about December 2006, Iranian Airline A, with the knowledge of defendant Balli Aviation, began utilizing the capacity of these Boeing aircraft on regular flights in and out of Tehran, Iran. Despite knowing of the prohibitions of the ITR, and receiving related notification letters from the Boeing Company and the Department of Commerce, defendant Balli Aviation agreed in or about November 2007 to extend the lease arrangements that allowed Iranian Airline A to continue to utilize the Boeing aircraft.

### B.   **Willful Violation of the Temporary Denial Order**

On or about March 17, 2008, the United States Department of Commerce placed defendant Balli Aviation on a Temporary Denial Order ("TDO"). The TDO prohibited defendant BALLI AVIATION from, among other things:

> Carrying on negotiations concerning or ordering, buying, receiving, using, selling, delivering, storing, disposing of, forwarding, transporting, financing, or otherwise serving in any way, any transaction involving any item exported or to be exported from the United States that is subject to the EAR, or in any other activity subject to the EAR.[1]

Notwithstanding these prohibitions, defendant Balli Aviation and Iranian Airline A executed an agreement under which defendant Balli Aviation would use funds Iranian Airline A had previously provided to it to purchase a third company, to be used to acquire control of the three Boeing aircraft purchased by defendant Balli Aviation. In addition, in or about August 2008, personnel from defendant Balli Aviation and Iranian Airline A traveled to Iceland and met with this

---

[1] The Export Administration Regulations ("EAR"), 15 C.F.R. Part 746.

third company to negotiate a possible partnership involving the ownership and operation of the aforementioned Boeing aircraft.

### III. DISCUSSION OF THE OFFENSE CONDUCT

This is a very serious matter. The transactions at issue implicate Iran, a nation that the State Department has designated as a state sponsor of terror since January 19, 1984. See http://www.state.gov/s/ct/c14151.htm. In addition, the Executive Order initiating the current sanctions regime against Iran expressly stated that "the actions and policies of the Government of Iran constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States." See Executive Order 12957 (March 15, 1995) (emphasis added). Thus, the ITR, which defendant violated, are national security controls.

This matter also involves the violation of a TDO issued by the United States Department of Commerce pursuant to the EAR. The TDO restricted defendant's export privileges. A TDO is a critical export enforcement tool. The Department of Commerce provided defendant with clear and unambiguous notice of the TDO and published it in the Federal Register. Defendant deliberately ignored the plain language of the TDO, and in so doing committed a willful criminal violation.

### IV. THE PLEA AGREEMENT

#### A. Terms of the Agreement

Pursuant to Rule 11(c)(1)(C), defendant Balli Aviation signed a written plea agreement with the United States. Defendant Balli Aviation and the United States presented the plea agreement to Magistrate Judge Alan Kay for approval at a plea hearing on February 5, 2010. Pursuant to the plea agreement, defendant Balli Aviation, through its organizational representative Farshad Irvanipour,

pled guilty to two felony counts of a criminal Information, charging defendant Balli Aviation with Conspiracy to Unlawfully Export, in violation of 50 U.S.C. § 1705 and 31 C.F.R. § 560, and Willful Violation of Denial Order, in violation of 50 U.S.C. § 1705 and 31 C.F.R. § 764.2(a), (b), (k). Defendant Balli Aviation, through Mr. Irvanipour, admitted its guilt to the offense conduct described in the Factual Proffer that has been filed with the Court.

Pursuant to Rule 11(c)(1)(C), the plea agreement provides for an agreed-upon sentence of a criminal fine of $2 million and corporate probation of five years. The plea agreement provides for a five-year term of corporate probation. In addition to the general conditions of probation, the plea agreement provides for the following specific additional conditions of probation: (1) defendant Balli Aviation shall pay the sums set forth in the agreement; (2) defendant Balli Aviation shall implement and maintain an effective compliance and ethics program that fully comports with the criteria set forth in Section 8B2.1 of the United States Sentencing Guidelines, including, but not limited to, (a) maintaining a permanent compliance and ethics office and a permanent educational and training program relating to United States laws and regulations governing exports, such as IEEPA, the EAR and the Iranian Transactions Regulations, (b) ensuring that a specific individual remains assigned with overall responsibility for the compliance and ethics program, and (c) ensuring that that specific individual reports directly to the Chief Executive Officer and to the Board of Directors of Balli Aviation no less frequently than on an annual basis on the effectiveness of the compliance and ethics program; and (3) pursuant to Title 18, United States Code, Section 3563(a)(l), defendant Balli Aviation agrees not to commit any federal, state, or local crimes during the term of probation.

### B.     Maximum Statutory Penalties and the Sentencing Guidelines

On each of the felony charges to which defendant Balli Aviation has pled guilty, the Company faces a statutory maximum criminal fine, pursuant to Title 18, United States Code, Section 3571(c)(3), of $1,000,000. Defendant Balli Aviation is also subject to a term of corporate probation of five years pursuant to Title 18, United States Code, Section 3561. In addition, pursuant to Title 18, United States Code, Section 3013(a)(2)(B), defendant Balli Aviation agreed to pay the mandatory special assessment of $400 to the Clerk of the United States District Court prior to the date of the sentencing.

## V.     **SENTENCING RECOMMENDATION**

We respectfully ask the Court, consistent with the parties' written plea agreement pursuant to Rule 11(c)(1)(C), to sentence defendant Balli Aviation to a criminal fine of $2 million and five-years of corporate probation, with the specific additional conditions of probations described above. The plea agreement is a fair resolution of the Company's criminal culpability. The agreement gives defendant Balli Aviation the benefit of its acceptance of responsibility, by providing that the government will not seek additional criminal charges against defendant Balli Aviation, its subsidiaries, affiliates, or successors-in interest. The agreement also benefits the United States, because it avoids the expense, time, and risk associated with trial by jury.

### A.     Acceptance of Responsibility

Defendant Balli Aviation has pled guilty to a very serious charge. In support of its guilty plea, the Company has admitted the truth of the facts sets forth in the Factual Proffer. In so doing,

defendant Balli Aviation has accepted responsibility for its criminal conduct and deserves the benefit of that acceptance of responsibility.

### B.     The Criminal Fine

Defendant Balli Aviation has agreed to pay a $2 million criminal fine.  This fine is a substantial criminal penalty.  If accepted by the Court, combined with the related civil settlement, this sum would reportedly be the largest overall fine ever imposed for an export violation in the Department of Commerce's history.

### C.     The Specific Conditions of Probation

Pursuant to the plea agreement, defendant Balli Aviation has agreed to implement and maintain an effective compliance and ethics program as described above.  The purpose of this program is to ensure that this criminal conduct never occurs again.

## VI.    CONCLUSION

The United States respectfully requests that the Court sentence defendant Balli Aviation LTD to a criminal fine of $2 million and five years of probation, with the specific additional conditions of probation provided in the plea agreement.

                                                      Respectfully submitted,

                                                     RONALD C. MACHEN JR.
                                                     United States Attorney
                                                     D.C. Bar No.  447-889

By:     /s/
                      Anthony Asuncion
                      D.C. Bar No. 420822
                    Assistant United States Attorney

National Security Section
(202) 514-6950
anthony.asuncion@usdoj.gov


       /s/
Jonathan C. Poling
D.C. Bar No. 489459
Department of Justice Trial Attorney
Counterespionage Section
(202) 305-0179
jonathan.poling@usdoj.gov

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing was caused to be served on counsel of record through the Court's Electronic Case Filing system, on this 5th day of April, 2010.

                                           /s/
                                    Anthony Asuncion
                                    Assistant United States Attorney